# EXHIBIT "A"

\*\*\*\* CASE NUMBER: 2014CA013127 DIVISION: AN \*\*\*\*
Filing # 19906902 Electronically Filed 10/28/2014 12:28:01 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE __FIFTEENTH__ JUDICIAL CIRCUIT,
IN AND FOR __PALM BEACH__ COUNTY, FLORIDA

Case No.: _____
Judge: _____

Molly McGee
Plaintiff
vs.
Starr Indemnity & Liability Co.
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

\*\*\* FILED: PALM BEACH COUNTY, FL SHARON R. BOCK, CLERK. \*\*\*

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☐ Non-monetary
  ☐ Non-monetary declaratory or injunctive relief;
  ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (   )
(Specify)

2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☐ No
  ☒ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Robert C Stone Esq            FL Bar No.: 106117
    Attorney or party                                (Bar number, if attorney)

Robert C Stone Esq                          10/28/2014
  (Type or print name)                           Date

**** CASE NUMBER: 2014CA013127 DIVISION: AN ****
Filing # 19906902 Electronically Filed 10/28/2014 12:28:01 PM

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

MOLLY MCGEE, an Individual,                    CASE NO.:

    Plaintiff,                              DIVISION:

v.

STARR INDEMNITY & LIABILITY
COMPANY, a Foreign Profit Corporation

    Defendant.
_____/

Date: 11/4/14
Time: 12:15p
By: Chri 101

### CIVIL ACTION CORPORATE SUMMONS

TO DEFENDANT:   **STARR INDEMNITY & LIABILITY CO.**
C/O: Chief Financial Officer
200 E. Gaines Street
Tallahassee, FL 32399-0000

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

ROBERT C. STONE, ESQUIRE
LAW OFFICE OF ROBERT C. STONE, P.A.
33 S.E. 5th Street, Suite 100
Boca Raton, Florida 33432

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint/petition in this lawsuit on the above-named defendant.

OCT 29 2014
DATED on October ____, 2014.

SHARON R. BOCK
Clerk of the Court



By: _____
As Deputy Clerk

Loraine Hunt

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

**CT Corporation**

**Service of Process Transmittal**
11/06/2014
CT Log Number 526020301

TO: Lina Donskaya
Starr Insurance Holdings, Inc.
399 Park Avenue, 9th Floor
New York, NY 10022

RE: **Process Served in Florida**

FOR: Starr Indemnity & Liability Company (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Molly McGee, etc., Pltf. vs. Starr Indemnity & Liability Company, etc., Dft. |
| DOCUMENT(S) SERVED: | Notice, Summons, Complaint |
| COURT/AGENCY: | Palm Beach County Circuit Court, FL<br>Case # 2014CA013127DIVAN |
| NATURE OF ACTION: | Insurance Litigation - Policy benefits claimed |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Plantation, FL |
| DATE AND HOUR OF SERVICE: | By Electronic Receipt on 11/06/2014 |
| JURISDICTION SERVED: | Florida |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service |
| ATTORNEY(S) / SENDER(S): | Robert C. Stone<br>Law Office of Robert C. Stone, P.A.<br>33 SE 5th Street<br>Suite 100<br>Boca Raton, FL 33432<br>561-338-4844 |
| REMARKS: | Process received by Chief Financial Officer on 4th November, 2014, and forwarded to C T Corporation System by electronic delivery on 6th November, 2014. |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 771775214803<br>Image SOP<br>Email Notification, Sara Barfield Sara.barfield@cvstarr.com<br>Email Notification, Lina Donskaya Lina.Donskaya@starrcompanies.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of 1 / GP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA



14-133955

MOLLY MCGEE, AN INDIVIDUAL,

PLAINTIFF(S),

VS.

STARR INDEMNITY & LIABILITY COMPANY

DEFENDANT(S).
_____/

SUMMONS, COMPLAINT

CASE #: 2014-CA-013127 DIV AN
COURT: CIRCUIT COURT
COUNTY: PALM BEACH
DFS-SOP#: 14-133955

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on the 4th day of November, 2014 and a copy was forwarded by Electronic Delivery on the 6th day of November, 2014 to the designated agent for the named entity as shown below.

STARR INDEMNITY & LIABILITY COMPANY
DONNA MOCH
CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

ROBERT C. STONE ESQUIRE
SUITE 100
33 S.E. 5TH STREET
BOCA RATON FL 33432

JGJ

\*\*\*\* CASE NUMBER: 2014CA013127 DIVISION: AN \*\*\*\*
Filing # 19906902 Electronically Filed 10/28/2014 12:28:01 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

MOLLY MCGEE, an Individual,   CASE NO.:

Plaintiff,   DIVISION:

v.

STARR INDEMNITY & LIABILITY
COMPANY, a Foreign Profit Corporation

Defendant.
_____/

## COMPLAINT

The Plaintiff, MOLLY MCGEE, by and through his undersigned attorneys, hereby sues the Defendants, STARR INDEMNITY & LIABILITY COMPANY, and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for declaratory relief and damages in excess of the sum of FIFTEEN THOUSAND AND 00/100 DOLLARS ($15,000.00).

2. Plaintiff, MOLLY MCGEE ("MCGEE"), is a resident of Palm Beach County, Florida and is in all respects *sui juris*.

3. Defendant, STARR INDEMNITY & LIABILITY COMPANY ("STARR"), is a New York corporation authorized to do business in the State of Florida and actively engaged in business in Palm Beach County, Florida.

4. On or about April 1, 2013, Defendant, STARR, issued a certificate of insurance to Plaintiff, MCGEE, pursuant to a group health insurance policy. A copy of the certificate of insurance is attached hereto as Plaintiff's Exhibit "A". The group policy is not in possession of the Plaintiff, but should be in the possession of the Defendant herein.

\*\*\* FILED: PALM BEACH COUNTY, FL SHARON R. BOCK, CLERK \*\*\*

*McGee v. Starr Indemnity*
*Complaint*
*Page 2 of 5*

5. At all times material hereto, MCGEE was an insured under the terms of the aforementioned certificate and group policy.

6. On or about May 17, 2013, MCGEE visited Boca Raton Regional Hospital for treatment of lower abdominal pain and nausea. MCGEE was diagnosed with a urinary tract infection and prescribed a week's course of medication.

7. On or about May 24, 2013, MCGEE began experiencing difficulties passing urine. She attempted to hydrate herself in an effort to help the condition. At approximately 1:00 a.m. on May 25, 2014, MCGEE was awakened by a sensation to urinate. She proceeded to her bathroom but, after several unsuccessful attempts, was unable to pass anything but a small amount of blood, which caused her great concern. After conferring with her parents, MCGEE drove herself to the Boca Raton Regional Hospital Emergency Room.

8. MCGEE was immediately admitted to the Intensive Care Unit ("ICU") due to the presence of jaundice and other symptoms of impending kidney failure. Stents were placed in both of MCGEE'S urethras which finally allowed her to pass the urine in her body. MCGEE remained in the ICU for several days while tests were run.

9. Prior to her admission, MCGEE had chest congestion which she had been treating with Guaifenesin, an over the counter expectorant medication. During her stay in the ICU, the congestion worsened and developed into pneumonia, which required additional treatment.

10. Approximately two weeks after admission, MCGEE was advised by doctors that she had what appeared to be a "thick lining" around her gall bladder and that they wanted to run a nuclear scan to investigate further. Approximately ten to twenty minutes into the procedure, MCGEE went into full cardiac arrest due to a severe allergic reaction to the nuclear contrast dye.

*McGee v. Starr Indemnity*
*Complaint*
*Page 3 of 5*

11.	As a result of the cardiac arrest, MCGEE was placed into a medically induced coma for approximately five days. She remained in the Hospital until June 15, 2013.

12.	As a result of the aforementioned conditions and follow up treatment, MCGEE has incurred medical expenses for her care and treatment, for which the Defendant has refused to provide coverage and pay benefits.

## COUNT I
## BREACH OF CONTRACT

13.	The Plaintiff adopts and reavers each and every allegation contained in paragraphs one (1) through twelve (12) of this Complaint as though fully alleged herein and further alleges:

14.	At all times material hereto, the aforementioned policy of health insurance was in full force and effect with the Defendant, STARR.

15.	The Defendant, STARR, has been furnished with timely notice and proof of claim of all expenses incurred by MCGEE as a result of her aforementioned medical conditions and follow up treatment and the Plaintiff has otherwise performed all conditions precedent to entitle her to recovery under the aforementioned insurance policy

16.	The Defendant, STARR, has refused and continues to refuse to provide health insurance coverage for all of the medical expenses incurred as a result of MCGEE'S medical conditions and follow up treatment as set forth above.

17.	The Defendant's refusal to pay benefits owed under the policy of insurance constitutes a breach of the contract of insurance between the Plaintiff and the Defendant.

18.	Plaintiff has been forced to retain the undersigned attorney to represent her herein, and has agreed to pay a reasonable attorney's fee for services rendered. Plaintiff seeks attorney's fees pursuant to F.S. 627.428 and/or 627.6698 for services provided by the undersigned in connection with this action.

*McGee v. Starr Indemnity*
Complaint
Page 4 of 5

WHEREFORE, the Plaintiff demands entry of judgment against the Defendant for damages in excess of the sum of FIFTEEN THOUSAND AND 00/100 DOLLARS ($15,000.00), for medical expenses for which the Defendant has failed to pay benefits, plus interest on any overdue sums, costs and attorney's fees. **Further, the Plaintiff demands a trial by jury on all issues so triable by a jury.**

## COUNT II
## DECLARATORY JUDGMENT

19. The Plaintiff adopts and reavers each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint as though fully alleged herein and further alleges:

20. Upon information and belief, the Defendant has denied coverage to the Plaintiff for her aforementioned medical conditions and follow up treatment on the basis that she was allegedly treated for polysubstance abuse during her admission to Boca Raton Regional Hospital, and that such treatment constitutes care for a pre-existing condition.

21. The certificate of coverage's Pre-Existing Conditions Limitation section provides as follows:

> We will not provide benefits for any loss caused by or resulting from, a Pre-Existing Condition.
>
> **"Pre-Existing Conditions"** mean any medical condition or Sickness for which medical advice, care, diagnosis, treatment, consultation, or medication was recommended by or received from a Doctor within the 5 years immediately prior to a Covered Person's Effective Date of Coverage…
>
> **"Consultation"** means evaluation, diagnosis or medical advice was given with or without the necessity of a personal examination or visit.

22. Upon information and belief, Defendant STARR'S position is based upon Boca Raton Regional Hospital's discharge diagnosis of obstructive substances in MCGEE'S ureters "consistent with guaifenesin, likely due to substance abuse as outpatient."

*McGee v. Starr Indemnity*
*Complaint*
*Page 5 of 5*

23. On the facts of this case, the Plaintiff is in doubt as to her rights under the terms and provisions of the subject contract of insurance and the laws of the State of Florida.

WHEREFORE, the Plaintiff respectfully requests that this Court:

a) accept jurisdiction of this matter for purposes of entering declaratory decree;

b) having taken jurisdiction, enter an order declaring that the Defendant owes coverage under the terms of the aforementioned contract of insurance for medical services received by the Plaintiff as a result of her aforementioned conditions and follow-up care;

c) granting Plaintiff such other and further relief as the Court shall deem appropriate;

d) retain jurisdiction of the parties and subject matter to assess attorney's fees and costs against the Defendant pursuant to F.S. 627.428 and/or 627.6698.

e) **Grant a trial by jury on all issues so triable by a jury.**

DATED this 27th day of October, 2014.

LAW OFFICES OF ROBERT C. STONE, P.A.
33 SE 5th Street
Suite 100
Boca Raton, FL  33432
Telephone: (561) 338-4844
Telecopier: (561) 338-4807
Email: service.stonelaw@gmail.com

By: */s/ Robert C. Stone, Esq.*
ROBERT C. STONE, ESQ.
Florida Bar No.: 106117